CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

March 30, 2026

LAURA A. AUSTIN, CLERK
BY:  s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

MARVIN SIRRELLE TURNER,            )
    Petitioner,                    )            Civil Action No. 7:24-cv-00394
                                   )
v.                                 )
                                   )            By: Elizabeth K. Dillon
JOSEPH WALTERS,[1]                 )                Chief United States District Judge
    Respondent.                    )

**MEMORANDUM OPINION**

Marvin Sirrelle Turner, a Virginia inmate proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Habeas Pet., Dkt. No. 1; First Amended Habeas Pet., Dkt. No. 27.)  Turner challenges convictions in the Circuit Court of Rockingham County for possession with intent to distribute methamphetamine and possession of a firearm by a violent felon.  Respondent moves to dismiss, arguing that Turner waived his claims by pleading guilty and that the claims do not have merit under federal habeas review.  (Dkt. Nos. 36, 38.)  Turner has moved for appointment of counsel and for an evidentiary hearing.  (Dkt. Nos. 28, 34.)  Turner also responded to the motion to dismiss.  (Dkt. No. 50.)

For the reasons stated in this opinion, respondent's motion to dismiss will be granted, Turner's motions for counsel and an evidentiary hearing will be denied, and this matter will be dismissed in its entirety.[2]

I.  BACKGROUND

**A.  Proceedings in State Court**

---

[1]  Joseph Walters was appointed to serve as the Director of the Virginia Department of Corrections on January 17, 2026.  The Clerk is directed to substitute him as the respondent in this matter for the former Director, Chadwick S. Dotson.  *See* Rule 2 of the Rules Governing § 2254 Cases; Fed. R. Civ. P. 25(d).

[2]  Turner also filed a motion to withdraw his consent to proceed before a magistrate judge.  (Dkt. No. 51.) This motion will be granted.

Turner pled guilty to the above-described charges in Rockingham County.  (Resp't Ex. 1.)  The trial court accepted the plea agreement and entered final judgment on April 13, 2022.  (Resp't Ex. 2.)  Pursuant to the plea agreement, the Commonwealth moved to nolle prosequi a charge of possession of methamphetamine with the intent to distribute while simultaneously possessing a firearm.  (Resp't Ex. 1.)  Turner did not appeal.

At the guilty plea hearing, the Commonwealth proffered the following facts that were agreed to by petitioner:

> On November 6, 2020, the Rush Drug Task Force did a buy bust on the defendant, Marvin Turner.  An information arranged to meet the defendant at the 7-11 on South Main Street to buy half a pound of methamphetamine.  When the defendant arrived, Task Force agents detained him.  He had two hundred and twenty-two grams of methamphetamine and a firearm.  Mr. Turner has a burglary conviction from 2001 and a felon in possession of a firearm conviction from 2003, both of which count as violent felonies for the statute.

(Resp't Ex. 7 at 11.)  Turner confirmed under oath that he was satisfied with the services of J. Ryan King as an attorney, that he understood the nature of the charges against him and had discussed with his attorney any possible defenses he might have.  (Resp't Ex. 1 at 1–4; Resp't Ex. 7 at 6–11.)  Turner averred that he understood that he had the right to plead not guilty and to have a speedy and public trial by jury, but after discussing the matter with his attorney, he was freely, intelligently, and voluntarily admitting that he committed the offenses as charged in the indictments and entering guilty pleas.  (*Id.*)  Petitioner was convicted after the circuit court found that Turner's guilty pleas were entered "freely, voluntarily, and intelligently," and that petitioner understood the "nature of the charges, the consequences of the pleas and the plea agreement."  (Resp't Ex. 7 at 12.)

2

Turner filed a petition for a writ of habeas corpus in the Supreme Court of Virginia on or about April 10, 2023.  (Resp't Ex. 3.)  A supplement to that petition, filed June 27, 2023, raised claims for ineffective assistance of counsel.  (Resp't Ex. 4.)  Specifically, Turner alleged that his counsel was ineffective for not pursuing motions to suppress certain evidence, including an out-of-court identification by informant Rodney Haynes.  (*Id.*)   In another supplement, petitioner asserted that he was denied effective assistance of counsel when his attorney notified him four days before his guilty plea that the Commonwealth had incriminating jail cell recordings that it intended to introduce at trial.  Turner claimed that counsel did not listen to the recordings or allow petitioner to review them, and when petitioner's mother attempted to listen to them, the recording would not play properly.  (Resp't Ex. 5.)  On May 11, 2024, the Supreme Court dismissed the petition.  (Resp't Ex. 6.)  As to each of Turner's claims, the Court found that Turner "fails to offer a valid reason why he should not be bound by his representation at the plea hearing that his counsel's performance was adequate."  (*Id.* at 2.)

## B.  Turner's Federal Habeas Action

In this federal habeas action, Turner alleges claims for ineffective assistance of counsel for failing to pursue suppression of certain evidence, such as the out-of-court identification. (Dkt. No. 27.)  Turner argues that if he had known about the reliability and credibility of the state witness, he never would have agreed to enter into a plea agreement.  (Dkt. No. 50 at 9.)  Turner contends that he only learned about these issues after the plea agreement.  (*Id.* at 10.)

II.  ANALYSIS

**A.  Claims Waived by Guilty Plea**

Respondent concedes that Turner exhausted his claims in state court.  Respondent does not argue that the claims are procedurally defaulted.  Instead, respondent argues that Turner's claims are waived by his guilty plea.

When a petitioner seeks collateral review of a guilty plea, the court must determine whether a constitutional challenge to the conviction is foreclosed by the guilty plea.  *See Slavek v. Hinkle*, 359 F. Supp. 2d 473, 480 (E.D. Va. 2005).  It is "well-settled that a voluntary and intelligent guilty plea generally forecloses federal collateral review of allegations of antecedent constitutional deprivations."  *Id.* (citing *Tollett v. Henderson*, 411 U.S. 258, 266 (1973); *Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1294 (4th Cir. 1992)).  By establishing a reliable admission of factual guilt, a guilty plea "removes the issue of factual guilt from the case" and "renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction."  *Menna v. New York*, 423 U.S. 61, 63 n.2 (1975).  Once judgment on a plea is final, collateral inquiry for constitutional claims that occurred prior to the entry of the guilty plea is generally limited to whether the plea itself was knowing and voluntary.  *Fields*, 956 F.2d at 1294.

Turner has not argued that his plea was involuntary and unknowing.  Turner also has not advanced a "jurisdictional" challenge to his guilty plea.  *See Slavek*, 359 F. Supp. 2d at 481–82 (noting that courts including the Fourth Circuit do not bar "jurisdictional" guilty plea challenges, which are claims that "go to the very power of the State to bring a defendant into court, *i.e.*, those that 'stand in the way' of a conviction even if factual guilt is validly established . . .").  Turner's only claims are that his attorney made strategic errors in motion practice prior to the

plea, resulting in ineffective assistance of counsel. Turner, however, is bound by the sworn representations in his plea colloquy that he was satisfied with his attorney's representation. *See Fields*, 956 F.2d at 1299 ("Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy.") (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Thus, Turner's claims are waived by his guilty plea. *See Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992) (holding that a guilty plea waives claims concerning pre-plea ineffective assistance of counsel); *United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992).[3]

For these reasons, the court will grant respondent's motion to dismiss Turner's petition.

## B. Evidentiary Hearing and Counsel

In determining whether a case warrants an evidentiary hearing, a federal court must consider whether the evidentiary hearing would provide the petitioner the opportunity to "prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *see also* Rule 8, Rules Governing Section 2254 Cases. "[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.*

Turner has not advanced factual allegations that would entitle him to habeas relief. As noted, defendant is bound by the representations that he made in his plea colloquy. *See Fields*, 956 F.2d at 1299. These representations preclude habeas relief in favor of Turner. Thus, the court is not required to hold an evidentiary hearing. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) ("To obtain a hearing or any form of relief, a habeas petitioner must come forward with some evidence that the claim might have merit.").

---

[3] It could be argued that petitioner's claims are procedurally defaulted, but respondent has not advanced this argument.

Turner has also requested an attorney.  (Dkt. No. 34.)  His motion is premised on the need for an evidentiary hearing because appointment of counsel would be required for an evidentiary hearing.  *See* Rule 8(c), Rules Governing Section 2254 Cases.  As an evidentiary hearing is not warranted, the court will deny the request for counsel.

## C.  Certificate of Appealability

The court must also consider whether to issue a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(2); Rule 11, Rules Governing Section 2254 Cases.  Petitioner has failed to make a substantial showing of the deprivation of a constitutional right, 28 U.S.C. § 2253(c)(2), or that the court's procedural ruling is debatable among reasonable jurists, *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Accordingly, the court declines to issue a certificate of appealability.

## III.  CONCLUSION

The court will issue an appropriate order granting Turner's motion to withdraw his consent to a magistrate judge, granting respondent's motion to dismiss, denying petitioner's motion for an evidentiary hearing, denying petitioner's motion to appoint counsel, and declining to issue a certificate of appealability.

Entered: March 30, 2026.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge

6